Hughes, J.
(dissenting). I would reverse and reinstate the warrants of eviction. The protracted history of this case is set forth in detail in earlier decisions of this court, as well as in the decision of the court below, and need not be elaborated further. Suffice it to say that as far back as January, 1982, this court authorized the landlord to enter and enforce final judgments of possession upon a finding that tenants had repeatedly defaulted in their obligation to make monthly deposits of use and occupancy (Lipkis v Pikus, NYLJ, Jan. 20, 1982, p 11, col 1). Warrants of eviction issued on January 22, 1982, and the Appellate Division denied leave to appeal on February 22,1982. With the landlord-tenant relationship having been canceled upon issuance of the warrants and all avenues of review by appeal having been exhausted, the judgments in this case became final and not subject to attack by subsequent loft legislation enacted five months later in June, 1982 (McKinney’s Cons Laws of NY, Book 1, Statutes, § 58). Indeed, it appears that the warrants would have been executed long before the passage of the new loft law were it not for a separate action brought by tenants in Federal court — an action which was summarily dismissed and which can only be described as frivolous. Even assuming that chapter 349 of the Laws of 1982 governs, there is nothing in that law which now affords relief to these tenants. These were nonpayment proceedings, not holdover proceedings. Whereas we originally directed that tenants deposit rent moneys into court pending landlord’s securing of a certificate of occupancy (Lipkis v Pikus, 99 Misc 2d 518, affd 72 AD2d 697), the statute authorizes *835 landlords of “interim multiple dwellings” to recover rent directly from residential tenants even in the absence of a certificate (Multiple Dwelling Law, § 285, subd 1). It was only because tenants failed to deposit rent into court that final judgments were entered and warrants issued, a default which chapter 349 does not in any sense forgive.
Dudley, P. J., and Sullivan, J., concur; Hughes, J., dissents in a separate memorandum